UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVETTE T. ECHENIQUE,<br>Plaintiff,<br>-against-<br>PRESIDENT TRUMP, et al.,<br>Defendants. | 1:25-CV-10498 (LLS)<br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff Ivette T. Echenique, a citizen of Georgia, invokes the court's federal question and diversity jurisdictions. She seems to seek damages and injunctive relief. After Plaintiff filed her complaint, she filed 45 other submissions in this action in which she seems to seek similar relief.[1] The complaint names as Defendants President Trump, former President Biden, "All Federal Courts," the United States Department of Justice ("DOJ"), what appears to be the United States Department of Homeland Security ("DHS") and other federal, state, and District of Columbia courts. The Court construes Plaintiff's other submissions as supplements to Plaintiff's complaint.

By separate order dated December 23, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action.

[1] In her complaint and in some of her other submissions, Plaintiff reveals the full names of minor children, instead of referring to them using the children's names' initials, as required by Rule 5.2(a)(3) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5.2(a)(3). In an abundance of caution, the Court has directed the Clerk of Court to restrict public electronic access to those submissions in which it is clear to the Court that a minor child's full name is revealed.

## STANDARD OF REVIEW

Under the IFP statute, a federal district court must dismiss a civil action, or any portion of that action, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court must also dismiss an action, or portion thereof, when the court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff's complaint and submissions are difficult to discern. Plaintiff seems to seek the criminal prosecution of President Trump, former President Biden, and/or others due to what appears to be, among other crimes, alleged incidents of child rape and child trafficking. Plaintiff also describes, at times indiscernibly, what seem to be negative experiences that have allegedly happened to her and to others.

## DISCUSSION

### A. Private prosecution

To the extent that Plaintiff seeks the criminal prosecution of the Defendants and/or others, the Court must dismiss such claims for relief. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess

discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, including the Defendants or others, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim." (internal quotation marks and citation omitted)).

**B. Plaintiff's remaining claims are frivolous**

**1. Remaining coherent claims**

The IFP statute requires a court to dismiss an action, or a portion of the action, if it determines that the claims are, among other things, frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (A complaint is frivolous when it "lacks an arguable basis either in law or in fact.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Id.* Rather, a complaint must include a factual basis in support of its claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]") (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed.2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

To the extent that the Court can understand Plaintiff's remaining claims, Plaintiff seems to allege that there is a cabal to injure her and others, including children, her relatives, and her friends and acquaintances, by both government and private actors located throughout the country. These allegations amount to conclusory allegations and suspicions that are "wholly incredible." *Denton*, 504 U.S. at 33. Accordingly, the Court finds that Plaintiff does not provide any plausible factual support for these claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. The Court therefore dismisses these claims as frivolous. *See* § 1915(e)(2)(B)(i); *Neitzke*, 490 U.S. at 323 (noting that the IFP statute "authoriz[es] *sua sponte* dismissal of an [IFP] complaint 'only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief'").

**2. Remaining incoherent claims**

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's remaining claims lack an arguable basis either in fact or in law, *see Neitzke*, 490 U.S. at 325. Plaintiff sues Defendants President Trump, former President Biden, "All Federal Courts," the DOJ, the DHS, and other federal, state, and District of Columbia courts and her remaining allegations are incoherent. The Court is unable to identify: (1) any legal basis for these remaining claims; or (2) any legal theory on which Plaintiff may proceed as to these claims. *See*

*Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore also dismisses these claims as frivolous. *See* § 1915(e)(2)(B)(i).

**C. Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that Plaintiff is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding that the district court did not err in dismissing a claim with prejudice in absence of any indication that the plaintiff could or would provide additional allegations leading to a different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. The Court dismisses Plaintiff's claims in which she seeks the criminal prosecution of others for lack of standing and, therefore, for lack of subject matter jurisdiction. *See* Fed. Civ. P. 12(h)(3). The Court dismisses Plaintiff's remaining claims as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, the Court denies all of Plaintiff's pending motions and requests for relief. The Court therefore directs the Clerk of Court to terminate ECF 8, 22, 24, 25, 26, 27, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, and 50.

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: September 28, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.